IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES L. PAYTON, individually and on behalf of all similarly situated individuals,** | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )  Case No.: 13-00235 |
| **OCWEN LOAN SERVICING, LLC** | )  CLASS ACTION |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Charles L. Payton, (hereafter the "Plaintiff") by counsel, and as complaint against the above-named Defendant, Ocwen Loan Servicing, LLC, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

3. This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's right to

1

dispute the debt. Specifically the defendant's collection letter violates 15 U.S.C. § 1692g(a)(3) because it incorrectly says that if Mr. Patton wants to dispute the debt being collected that he must do so in writing. Specifically the letter says:

> Federal law provides that you have thirty (30) days from the date of this letter to dispute the validity of this debt or any portion thereof. If you DO NOT wish to dispute this debt or any portion thereof within the thirty-day period, we will assume the debt is valid. If you wish to dispute this debt, please notify us in writing within the thirty-day period and we will provide verification of the debt or a copy of the judgment by mail. We will also provide the name and address of the original creditor if a written request is received within the same thirty-day period.

4. There is <u>no</u> requirement under 15 U.S.C. § 1692g(a)(3) that such a dispute be in writing.

**PARTIES**

5. The Plaintiff is a natural person and resident of Gulf Shores, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a corporation which is, upon information and belief, incorporated under the laws of the state of Delaware and has its principal place of business in West Palm Beach, Florida. At all relevant times, Ocwen was engaged in business within the State of Alabama, including the collection of debts. Ocwen is regularly engaged in the practice of debt collection.

7. Ocwen sends collection letters and places collection calls as a regular part of its business.

8. The mails and interstate wire communications are used to conduct the business of Ocwen.

9. Ocwen is a debt collector as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

10. On or about February 16, 2013 Ocwen initially contacted Plaintiff by the use of a collection letter demanding payment in the amount of $32,162.79.[1] The creditor was identified as "GMAC HOME EQUITY TRUST."

11. On Ocwen's February 16, 2013 initial communication there was the following language located at the bottom of the front page:

> Federal Law provides you have thirty (30) days from the date of this letter to dispute the validity of this debt or any portion thereof. If you DO NOT wish to dispute this debt or any portion thereof within the thirty-day period, we will assume the debt is valid. If you wish to dispute this debt, please notify us in writing within the thirty-day period and we will provide verification of the debt or a copy of the judgment by mail. We will also provide the name and address of the original creditor if a written request is received within the same thirty-day period.

12. 15 U.S.C. § 1692g(a) states that a consumer can, within 30 days after receipt of the debt collector's notice, dispute the validity of the debt.

13. The statute, specifically 15 U.S.C. § 1692g(a)(3), sets forth no requirement as to the manner in which a consumer can dispute the validity of the debt.

14. The language set forth in Ocwen's letter to the Plaintiff states the consumer must "notify us in writing", and allows for no other methods of communication, such as a phone call or facsimile by which a consumer may dispute the validity of the debt.

15. The February 16, 2013 collection letter was the initial contact with Plaintiff and Plaintiff received no other communication or written notice within five days that complied with 15 U.S.C. § 1692g.

**COUNT ONE**
**(FDCPA VIOLATIONS)**

---

[1] This debt was previously discharged on February 19th 2013 in bankruptcy case number 07−13256 Southern District of Alabama.

16.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

17.     This is a claim asserted against Ocwen for violation of the FDCPA.

18.     Defendant Ocwen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19.     Ocwen has violated the FDCPA in connection with its attempts to collect the account against Plaintiff.  Ocwen's violations include, but are not limited to, failing to comply

20.     As a result of its violations of the FDCPA, Ocwen is liable to Plaintiff for actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Ocwen for the following:

A.      Statutory damages pursuant to 15 U.S.C. 1692k;

B.      Declaratory judgment that Defendant's conduct violated the FDCPA;

C.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D.      Such other and further relief as this Court deems just and proper, the premises considered.

**COUNT TWO**
**(CLASS ACTION ALLEGATIONS)**

21.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

22.     Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the

allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

23. Plaintiff brings this action on behalf of himself and all members of the class composed of persons who have been subjected to collection activity by Ocwen that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

24. Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity, he will fairly and adequately protect the interest of the class.

25. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

26. Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendant's business records.

27. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    A.    Does the form collection letter sent to Plaintiff and members of the class violate the FDCPA by failing to include accurate statements regarding the right to dispute the debt and request verification of the debt;

    B.    What is the appropriate remedy for Ocwen's violation of the FDCPA?

28. Proof of common facts and legal doctrines by the representative plaintiff

consumer will determine the claims of each member of the class.

29. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

30. The named representative's claims are typical and representative of the class and sub-class claims.

31. It is and was the practice of Ocwen to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

a. That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b. That this court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

c. That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

*(signature)*
_____
EARL P. UNDERWOOD, JR. (UNDEE6591)
Underwood & Riemer, PC
Attorneys for Plaintiffs
21 South Section Street
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
E-mail: jpatterson@alalaw.com

PLAINTIFF DEMANDS A TRIAL BY JURY

*(signature)*
_____
EARL P. UNDERWOOD, JR.

Please serve Defendant by Certified mail at:

CSC LAWYERS INCORPORATING SVC INC.
150 S PERRY ST
MONTGOMERY, AL 36104